Opinion 'of the Court.
THIS was a bill filed by Todd, South and Blair, to bbtain the rescisión of a contract entered into by them with Thomas, for the purchase of 100 acres of land, at the price of $jlO per acre.
They charge that Thomas, in a printed advertisement, represented the land as “ woodland, very heavily timbered, between two and three miles from the permanent bridge, (at Frankfort,) and lying on a good road ;” and that, by verbal communications, he stated ihe land to be level, and that it would make a good small farm, and was well worth $10 per acre, which he had been offered; that, confiding in these representations, they had entered into the contract, and executed their notes for the price, without seeing the land; hut that they had since discovered that he had no land in the situation and of the quality he represented; that the land which he alleges he sold, lies between four and five miles from the permanent bridge; that there is no good road leading to it, and that it is filled with deep ravines and impassable precipices, and in fact is worth, at the utmost, not more than one dollar per acre. They furthermore charge, that Thomas has given to them no written obligation for the conveyance of the land.
Thomas, in his asswer, denies making any verbal communications to the complainants, or either of them, as to the quality or situation of the land, or as to the price offered by others. He admits the representation made by him in the printed advertisement, as the complainants allege; but insists that he believed it to he true then, and is still ignorant that it is not so. He admits he had given no written obligation to convey the *338 land; but tenders a deed for 100 acres, which lie alleges is the land he sold.
Tne circuit court decreed the contract to be rescinded, and Thomas has brought the case to this court by writ of'error.
Of the verbal communications which Thomas is charged in the bill to have made to the complainants, there is no direct proof; but it is abundantly proved, that about the same time he made similar communications to others, in his attempts to sell the land to them; and the inference is, therefore, pretty strong, that he did make such communications to the complainants. Whether he did so or not, is, however, unimportant. He admits the printed advertisement, in which he states that the land “ is heavily timbered, between two and three miles from the permanent bridge, and lying on a good road.” This advertisement is signed bjr him, and being the only printed or written memorandum ol' the contract on his part, must be considered as containing the particulars wit! i which he was bound to comply. But this he is unable to do. He has not shown that he has any land corresponding with the description given in the advertisement. On the contrary, the land which he offers to convey, lies between four and five miles from the bridge, and is not on a good road, nor is it practicable to get such a road to it, from the bridge, owing to the precipices which intervene; and this difference in the situation of the land which he offers to convey, and that as described in bis advertisement, makes an essential difference in its value; for it is in proof, that land, on a good road, between two and three miles from the permanent bridge, in the direction of the land which Thomas offers to convey, was, at the date of the contract, worth'§10 per acre; whereas the land which in fact he offers to convey, was, at that time, worth, at the utmost, not more than one dollar per acre. Upon the score, therefore, of Thomas’ u|ter inability to comply with the particulars of the contract on his part, the decree of the circuit court is correct.
The decree must be affirmed with costs.